Clarke, J.
As a general rule, the construction of a contract is a question for the court; but where the terms of a written instrument are ambiguous, its meaning should be left to the jury. Code, §§2754, 2757, 3801, 3804; 36 Ga„ 454; 52 Id., 572; 51 Id., 603; 57 Id., 26; 61 Id., 364; Erskine vs. Duffy & Co., (present term); 1 Georuia Daw Reporter, p. 343.
(a) The stockholders of a railroad entered into an agreement to sell the road to one Logan, through his agent, Garrard, for $100,000. providing in the agreement that it should remain binding for only thirty days, and that, in the event of the sale, the stockholders should execute quit claim deeds to all their right, title and interest. The contract was dated April 12, 1881. On May 12 it was extended for thirty days, it being stated that “the option for the sale and purchase of our stock ,in said railroad” was extended. No sale having been completed to Logan, and the stockholders still desiring to sell, they gave to one Dexter the following agreement: “We, the undersigned stockholders in the Columbus and Rome Railroad Company, do hereby extend the option on sale of Columbus and Rome railroad heretofore granted to Louis F. Garrard, on April 12,1881, and expiring on June 12,1881, to Armory Dexter, to commence on the 12th day of June, and to expire on the 12th day of July, 1881:”
Smith & Russell; W. A. Little, for plaintiff in error.
Peabody & Brannon, for defendant.
Held, that, this agreement was not ambiguous, and was properly-construed by the court. It fixed the price by reference to the former agreement, and under it Dexter could either buy for himself or another, provided he paid that price.
(b) In construing contracts, it is important to look to the substantial purpose which must be supposed to have influenced the minds of the parties, rather than at the details of making such purpose effectual. Liebei’s Her., 100, 135, 136.
Judgment affirmed.